# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

TAURUS ANTONIO WIGGINS,

   Petitioner,

v.

DAVID ORTIZ,

   Respondent.

Civ. No. 18-2531 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

  Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court will dismiss the habeas petition for lack of jurisdiction.

## I.  BACKGROUND

  On August 31, 2011, a jury convicted Petitioner of conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846, in the United States District Court for the District of Maryland. *See Wiggins v. United States*, No. 13-1925, 2014 WL 2094192, at *3 (D. Md. May 14, 2014). Petitioner was sentenced to 262 months' imprisonment, which was affirmed on direct appeal. (*See id.*). Thereafter, on July 1, 2013, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on the merits by the District Court of Maryland. (*See id.* at pp. 3-4).

  Petitioner has now filed a habeas petition pursuant to 28 U.S.C. § 2241 (the "Petition") in this Court. In the Petition, Petitioner argues that the sentencing court lacked jurisdiction to impose a sentence on him and that he did not receive notice or service of process. (*See id.* at pp. 2-5).

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III. DISCUSSION

Petitioner has filed his habeas petition under 28 U.S.C. § 2241. However, as noted by the Court of Appeals for the Third Circuit in *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) ("§ 2255. . . confers jurisdiction over challenges to the validity of the petitioner's sentence, [while] . . . § 2241 confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.") Motions under § 2255 must be brought before the court which imposed the sentence. *See* 28 U.S.C.

§ 2255. In addition, a one-year limitations period applies to § 2255 motions. *See* 28 U.S.C. § 2255(f).

Section 2255 does, however, contain a safety valve that may help a prisoner overcome the timeliness and successive petition bars where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." 28 U.S.C. § 2255. In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that a § 2255 remedy would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. *Id.* Rather, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in *Dorsainvil* because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. *Id.* at 251-52.

In *Cradle v. United States ex rel. Miner*, 290 F.3d 536 (3d Cir. 2002), the Third Circuit emphasized the narrowness of the "inadequate or ineffective" exemption. A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle*, 290 F.3d at 538; *see also Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538. The Third Circuit

3

further held that "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (internal citations omitted).

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. *See Okereke*, 307 F.3d at 120, *Cradle*, 290 F.3d at 539, *Dorsainvil*, 119 F.3d at 251-52.

Here, Petitioner does not allege facts sufficient to bring his conviction within the *Dorsainvil* exception. Petitioner does not allege that he is "actually innocent" as a result of a retroactive change in substantive law that negates the criminality of his conduct. Rather, he is challenging the jurisdiction of the sentencing court. Petitioner has not demonstrated that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fourth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). The Court finds that it is not in the interests of justice

4

to transfer this habeas petition to the Fourth Circuit as it does not appear Petitioner can satisfy the requirements of § 2244(b)(2). However, this Court's decision to not transfer the case does not prevent Petitioner seeking permission from the Fourth Circuit on his own.

## IV. CONCLUSION

For the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. An appropriate order will be entered.


DATED: April 20, 2018            s/Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge